McElroy Deutsch

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
T: 973.993.8100 | F: 973.425.0161
MDMC-LAW.COM

MICHAEL O'B. BOLDT
Telephone: 973-425-8777
Email: mboldt@mdmc-law.com

September 16, 2026

*Via ECF*

Hon. Matthew J. Skahill, U.S.M.J.
United States District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

Re: *Cansler v. AJM Packaging Corp.*
Civil Action No. 1:26-cv-00627 (CPO)(MJS)

Dear Judge Skahill:

This firm, together with Kienbaum Hardy Viviano Pelton & Forrestt, PLC, defends AJM Packaging Corporation in this lawsuit. The Court's July 2, 2026, Text Order left Plaintiff Kevin Cansler no room to misunderstand what the conference the Court scheduled for September 14, 2026, required of him:

> Plaintiff's case will be subject to dismissal if plaintiff does not dial into the conference or otherwise fails to participate in the litigation. (ECF No. 25.)

The Court took pains to ensure that warning reached him, directing that the Order be served three separate ways—by mail from the Clerk's Office, and by both certified mail and email from his own withdrawing counsel. (*Id.*) The docket confirms that all three were accomplished. (*See* Docket Entry on 7/2/2025; ECF No. 26, PageID: 136.)

Plaintiff never dialed in. No attorney appeared for him. He let the Court's August 31 deadline to retain new counsel lapse without a word, and he has filed nothing, answered nothing, and contacted no one—not the Court, not his former counsel, not defense counsel—for months. This is not a case of a litigant who missed a notice. Plaintiff sued AJM 14 months ago, then walked away from his own case, leaving AJM to fund a defense against claims their author will not appear to prosecute. We write, as the Court directed, to lay out that history, sworn to in the Declarations of counsel filed with this letter, and to ask that the Complaint be dismissed with prejudice.

**Procedural History**

1. Plaintiff filed this action on July 25, 2025, in the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. CUM-L-517-25.

2. AJM moved to dismiss the individual defendants named in the original Complaint. Plaintiff never responded.

3. AJM removed the action to this Court on January 20, 2026. (ECF No. 1.)

4. After the Initial Conference, the Court entered a Scheduling Order on March 4, 2026, closing fact discovery on September 4, 2026. (ECF No. 19, PageID: 119.)

5. AJM served a set of document requests, interrogatories, and a deposition notice on Plaintiff on March 11, 2026. Plaintiff never answered, never objected, and never sought an extension. The undersigned pressed his then-counsel repeatedly for responses and received a series of delays spanning the better part of two months.

6. On May 22, 2026, Plaintiff's counsel, Christian J. Hoban, Esq. moved to withdraw, informing the Court that his own client had stopped responding to him. (ECF No. 20.)

7. The Court conferenced the matter on June 2, 2026, set an in-person hearing on the withdrawal motion for July 2, 2026, and ordered Mr. Hoban to reach Plaintiff by certified mail, email, and telephone and to document those efforts. (ECF No. 21.) Mr. Hoban certified his compliance with providing Plaintiff notice on June 5, 2026. (ECF No. 23.)

8. The Court granted the withdrawal motion at the July 2, 2026, hearing. (ECF No. 24.) Its accompanying Text Order gave Plaintiff until August 31, 2026, to retain new counsel, warned that he would otherwise proceed pro se, commanded his personal attendance at a conference scheduled for September 14, 2026, and cautioned in the terms quoted above that his case faced dismissal if he failed to dial into the conference or otherwise failed to participate in the litigation. (ECF No. 25.) The Court then built in redundancy to guarantee notice: it ordered the Clerk's Office to mail the Order to Plaintiff, and separately directed Mr. Hoban to serve it by certified mail and by email and to certify that service on the docket by July 9, 2026. (*Ibid.*)

9. The record confirms that each of those directives was carried out. The Clerk's Office docketed on July 2, 2026, that a copy of Text Order No. 25 was sent to Plaintiff's mailing address of record. (Docket Entry, July 2, 2026.) Mr. Hoban filed his compliance letter on July 8, 2026—a day ahead of the Court's deadline. (ECF No. 26.) The Court's warning thus reached Plaintiff by mail from the Clerk, by certified mail from his own counsel, and by email from his own counsel.

10. August 31, 2026, came and went. Despite affording Plaintiff nearly two months to obtain an attorney, no attorney entered an appearance. Plaintiff filed nothing and said nothing. Plaintiff also did not dial into the September 14, 2026, conference, and no one appeared on his behalf—notwithstanding notice delivered through three independent channels at the Court's express direction that his case would be dismissed for failing to dial in.

11. Neither Plaintiff nor anyone on his behalf has contacted Defendants' counsel.

**Legal Analysis**

**I. Plaintiff's Abandonment of This Action Compels Dismissal Under Rule 41(b).**

Rule 41(b) authorizes dismissal of an action where "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Plaintiff has done both, and not marginally. He has never answered discovery served on March 11, 2026. He ignored the Court's July 2, 2026, Text Order directing him to retain new counsel by August 31, 2026, or appear personally on September 14, 2026. He has not communicated with the Court, with his former counsel, or with defense counsel at any point in the intervening months. A case cannot be tried against a plaintiff who cannot be found, and AJM should not be required to continue funding a defense to claims their author has abandoned.

The Third Circuit ordinarily requires a district court to weigh the six factors identified in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), before dismissing for failure to prosecute. That balancing, however, is reserved for the case in which a plaintiff "does not desire to abandon her case but has encountered problems in going forward." *Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994). Where a plaintiff instead "willfully refused to prosecute" the claims, the Third Circuit has held that it "cannot fault the district court for dismissing the suit." *Ibid.* This is that case. Plaintiff is not a litigant struggling to move forward; he is a litigant who has walked away. But the Court need not rest on that ground, because every *Poulis* factor capable of assessment also favors dismissal.

**II. The *Poulis* Factors Uniformly Favor Dismissal.**

The *Poulis* factors are: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of sanctions short of dismissal; and (6) the meritoriousness of the claim. *Poulis*, 747 F.2d at 868. The factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation," and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Here the factors do not merely tilt toward dismissal; with one exception that cannot be evaluated, they all point the same way.

- **Personal responsibility.** The failure here is Plaintiff's own, not his lawyer's. Mr. Hoban moved to withdraw precisely because Plaintiff had stopped responding to him, and every notice since has gone directly to Plaintiff at his address of record. A litigant proceeding without counsel is not thereby excused: "[A]ll litigants, including *pro ses*, have an obligation to comply with Court orders. When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." *Days Inn Worldwide, Inc. v. Shaikh*, 249 F.R.D. 472, 475 (D.N.J. 2008) (quoting *Burns v. Glick*, 158 F.R.D. 354, 356 (E.D. Pa. 1994)).

- **Prejudice.** AJM answered, served discovery, participated in every conference, and has paid both local and *pro hac vice* counsel for 14 months—and has received nothing in return. It holds an unanswered discovery demand, has lost the entire fact discovery period, and cannot depose Plaintiff, test his claims, or file a dispositive motion. Prejudice under *Poulis* does not require irremediable harm; it includes "the excessive and possibly irremediable burdens or costs

imposed on the opposing party." *Days Inn Worldwide*, 249 F.R.D. at 475 (quoting *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994)).

- **History of dilatoriness.** This is not an isolated lapse. Plaintiff let a discovery deadline pass, then a series of extensions his own counsel obtained for him, then the Court's August 31 deadline to retain new counsel, and finally the September 14 conference the Court ordered him personally to attend. As *Poulis* instructs, "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history … of ignoring these time limits is intolerable." 747 F.2d at 868.

- **Willfulness.** Plaintiff was told in unambiguous terms that his case would be dismissed if he did not appear. The Court did not rely on a single channel to deliver notice of that warning; it ordered three, and the docket confirms all three were executed. A litigant who receives that warning by mail from the Clerk, by certified mail from his own attorney, and by email, and who then says nothing at all, has made a choice. Nothing in this record suggests inadvertence, confusion, or mistake.

- **Effectiveness of alternative sanctions.** There is no lesser sanction that would accomplish anything. Fee-shifting, cost-shifting, preclusion, and reprimand all presuppose a litigant who can be reached and who will respond to an order of the Court. Plaintiff is neither. The Court has already tried the only measure available to it short of dismissal—an express warning, delivered three ways—and it produced no response. *Cf. Days Inn Worldwide*, 249 F.R.D. at 476 (no alternative sanction appropriate where non-compliance continued despite four court orders and repeated warnings).

- **Meritoriousness.** This factor cannot be assessed, because Plaintiff abandoned the case before discovery could test his allegations—a circumstance of his own making. It does not save the Complaint. Not every factor must be satisfied to warrant dismissal, *Mindek*, 964 F.2d at 1373, and a single unevaluable factor cannot outweigh the five that decisively favor it.

## III. Local Civil Rule 41.1(a) Confirms That Dismissal Is Appropriate.

Local Civil Rule 41.1(a) provides that civil cases

> which have been pending in the Court for more than 90 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party.

L. Civ. R. 41.1(a)). The Rule contemplates exactly the showing Plaintiff cannot make. No affidavit establishing good cause has been filed, and none can be—the only person able to supply one has not been heard from since before his counsel moved to withdraw. Plaintiff has received notice every which

way possible that if he failed to appear, his case would be dismissed. He still failed to appear and made no effort to contact anyone of record regarding his case.

Plaintiff has defaulted on every obligation his own lawsuit imposed on him and has disregarded the Court's clearest possible warning. AJM respectfully requests that the Court dismiss the Complaint with prejudice for failure to prosecute. Declarations of AJM's counsel confirming these facts accompany this letter.

Respectfully submitted,

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

By: */s/ Michael O'B. Boldt*
Michael O'B. Boldt, Esq.
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By: */s/Ryan D. Bohannon*
Ryan D. Bohannon, Esq.
280 N. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
(248) 645-0000
Admitted *Pro Hac Vice*
*Attorneys for Defendant*
*AJM Packaging Corporation*

Dated: September 16, 2026